The next case this morning is number 519-019 People v. Hall. Arguing for the appellant Nathan Hall is Christopher Seeloff. Arguing for the appellate People of the State of Illinois is Becky Ray. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk is permitted to record these proceedings today. As indicated, the case before us is People v. Hall. With case number as read by the clerk. Counsel for the appellant, you may proceed. May it please the court. Counsel, my name is Chris Seeloff with the State Appellate Defender's Office and I represent the appellant Mr. Nathan Hall. Mr. Hall was denied his right to a fair trial free from prejudice for three main reasons. First, the trial court's denial of Mr. Hall's proposed jury instruction was clear error and that error threatened to tip the scales against Mr. Hall in this closely balanced case. Second, the state's use of irrelevant and highly prejudicial evidence throughout Mr. Hall's case appealed only to the jury's emotions and unduly prejudiced them against Mr. Hall. And third, defense counsel was ineffective for failing to limit the impact of any of the conviction and remand his cause for a new trial. As to my first point, the trial court's denial of Mr. Hall's proposed jury instruction was clearly erroneous and where the evidence was closely balanced, this error alone tipped the scales against Mr. Hall at trial. The appropriate standard for when a jury instruction is to be given is when there is any evidence, even slight evidence that would be believed by the jury. Was this a preserved error, counsel? No, your honor. We are arguing that this error should be considered under plain error review. In People v. Hamilton, our Supreme Court explained that the purpose of an instruction, quote, the purpose of an instruction on a lesser offense is to provide an important third option to the jury, which believing that the defendant is guilty of something, but uncertain whether the charge defense has been proved, might otherwise convict rather than the acquitted defendant of the greater offense. Similarly, in People v. Novak, the Supreme Court held that the trial court's denial of a jury instruction on a lesser included offense kept the jury from reaching the proper conclusion. Applying the standard, it becomes clear that the trial court should have given Mr. Hall's requested instruction. The state concedes that possession is a lesser included offense of dissemination. There was evidence put forward that Mr. Hall was guilty of possession as he admitted as much on the stand during his direct examination. Therefore, where there was not just slight, but conclusive evidence of Mr. Hall's guilt of possession, the trial court erred in not giving the instruction. The question then becomes whether the evidence was closely balanced. As noted in Mr. Hall's reply brief, the Bill of Indictment and the amended Bill of Indictment charged Mr. Hall with knowledge of the contents of the video in question, quote, and with the intent to disseminate. The state moved to amend the Bill of Indictment in a pretrial conference, but instead of eliminating intent from the charge, it left intent in as an element. Clearly, the state sought to prove Mr. Hall guilty of intentionally disseminating the video in question. The statute Mr. Junder conforms to this interpretation. 720 ILCS 5-11-20.1A2 requires the state to prove that a defendant, quote, reproduces, disseminates, offers to disseminate, exhibits, or possesses with the intent to disseminate the alleged child pornography. All of these approaches require some form of intent on the part of the defendant. The jury had evidence that Mr. Hall had no intent to disseminate the video in question. Mr. Hall testified that he took steps to make sure the to completely erase files from his computer and deleting the videos immediately after he viewed them. The jury had a legitimate question of fact as to whether Mr. Hall intended to disseminate the video in question. Without the lesser included instruction that Mr. Hall was entitled to, the jury was put in the inappropriate position of knowing Mr. Hall was guilty of at least some crime in either one, convicting him of the greater offense, or two, acquitting him despite his of fact before it on the potential charges Mr. Hall could be convicted of, they could have decided that Mr. Hall possessed the video without any intention of disseminating it. In summary, the appropriate standard required the trial court to give the instruction on the lesser included offense, making the error clear and obvious. The evidence was closely balanced because intent is a necessary component of dissemination, and Mr. Hall presented evidence that far from intending to disseminate the video, he took steps to make sure that no one would ever get it from his computer. This plain error alone took the scales against Mr. Hall because without the instruction on the lesser included offense, Mr. Hall was convicted of the greater offense. Therefore, the denial of Mr. Hall's proposed jury instruction was plain error, and this court should vacate his conviction and remand his cause for a new trial. As to my second point, the state's use of highly prejudicial and irrelevant evidence throughout Mr. Hall's trial served only to prejudice the jury against him. It is important to note that none of the evidence contested in this appeal proved any of the elements of dissemination. Realistically, the most the state can argue about this evidence is that it did not serve to appeal to the jury's emotional responses. Our Supreme Court has held that, quote, prosecutorial misconduct undermines the very foundation of our criminal justice system, and that multiple instances of this conduct in the course of criminal trial threaten the trustworthiness and reputation of the judicial process. The reason the state brought the evidence to question is not because they sought to prove up elements of dissemination or possession, but to keep the jury's attention squarely focused on the admittedly graphic nature of the charge. The legally possessed hentai images did not prove any element of the charge, but they did serve to appeal to the jury's contempt and disgust for those who sought out those types of images. The video in question clearly constitutes child pornography as the state concedes in its response brief, and the only reason to play it in full is to force the jury to sit through 21 minutes of child pornography, not to prove any element of dissemination. The line of questioning asking Mr. Hall to admit that the video met the elements of child pornography, even though he had done so only minutes prior during his direct examination, was at best cumulative of his testimony. The only reason to ask those questions and make Mr. Hall admit to the elements again is to remind the jury of the specific elements of the 21-minute video they were forced to sit through. Finally, the use of the word repulsive 12 times by the state throughout cross-examination and closing arguments is facially prejudicial. Regardless of the context in which Mr. Hall first used the word, the state went on to argue that the only reason Mr. Hall exercised his constitutional right to testify on his behalf was so the jury would not consider him repulsive. The state may use the defendant's statements against him, but they may not insinuate that he is lying without some sort of proof. The state's repeated use of this word was meant to implicitly instruct the jury that a conviction based on a moral repulsion was not only allowed, but the correct course of action. No part of the contested evidence in this case was probative of the issue of dissemination. Even where there is some argument as to the evidence's probative nature, it is far outweighed by its incredibly prejudicial nature. The state did not have to bring any of the evidence in order to convict Mr. Hall, but it did have to bring this evidence if it wanted to appeal directly to the jury's emotions and contempt for child pornography. Because the use of this evidence was obvious error, and that error threatened the integrity of the judicial system, Mr. Hall respectfully requested this court vacate his conviction and remand his cause for a new trial. As to my final point, defense counsel was ineffective for failing to attempt to limit this evidence in any way. In arguing against this point, the state largely relies on trial strategy and an entirely speculative contention that Mr. Hall's defense attorney would have lost any challenge to this evidence. The speculation argument can be dismissed outright as the contested evidence is obviously prejudicial on its face and will never be able to know how any challenge would have been decided because none was made. As for the trial strategy argument, any attorney worth their salt would have been moved to their feet at several points throughout trial. It should have become clear to defense counsel that the state was relying almost exclusively on an emotional appeal in this case. At no point did defense counsel do anything to limit or prohibit the evidence that did nothing to prove dissemination and only serve to appeal to the jury's emotional instincts. Because defense counsel failed to object, the state was allowed to constantly bludgeon the jury with prejudicial images, arguments, and questions that served only to insinuate that the jury should convict Mr. Hall because the community doesn't take kindly to those who view child pornography. This failure fell below an objectively reasonable standard, and Mr. Hall was convicted because the state was allowed to bring in this obviously prejudicial evidence. Accordingly, Mr. Hall respectfully requested this court vacate his conviction and remand his cause for a new trial with effective counsel. In conclusion, Mr. Hall suffered an unfair trial based on the trial court's failure to provide the required jury instruction, the state's use of obviously and unduly prejudicial evidence, and defense counsel's failure to do anything to limit the impact of that evidence. The trial court's error represents plain error because the evidence was closely balanced, and that error alone threatened to tip the scales against Mr. Hall at trial. The state's evidentiary violations and defense counsel's failure to do anything to limit their prejudicial impact constitute plain error because they threaten the integrity of the judicial system. The state sought a conviction based almost entirely on an emotional appeal, and defense counsel did not zealously represent Mr. Hall or make sure that the state did not violate its duty to guarantee that all defendants receive a fair trial. For the reasons stated in briefing and today at oral argument, Mr. Hall respectfully requested this court vacate his conviction and remand his cause for a new trial. Thank you. Thank you, counsel. Any questions from the court? No questions. Yes, was intent an element of this offense? Because I thought at jury conference, the state moved to amend the charge to remove the language about intent, because based on the agreement he signed, dissemination was not requiring intent. Your Honor, a review of the statute as well as the words used in that statute, any realistic interpretation of that statute would require intent. However, even if intent is not a necessary element, the important issue here is that the jury was not given the appropriate instruction on the lesser included offense, and they could have still found that he did not disseminate the video, even though he admitted that he did possess the child pornography. And where the standard is that when any evidence shows the lesser charge, it should be given, the failure to do so was error, because the jury still could have found that he was guilty of lesser charge and not guilty of the higher charge. Thank you. Thank you. Thank you, counsel. You'll have an opportunity for rebuttal. Council for happily. Thank you, Your Honors. I'm Becky Ray for the people of the state of Illinois. Please the court and counsel, I'd like to start with the issue of the lesser included offense jury instruction, and also discuss the dissemination issue. I'd like to stand on the arguments in my brief as to the other issues, unless the court has specific questions about that. So first, the lesser included jury instruction, the trial court did not abuse its discretion and refusing the defendant's jury instruction on the possession of child pornography. The state agrees with the defense that the evidence needed to support a lesser included offense instruction is just some evidence, very slight. However, that's not the end of the inquiry. The evidence should also be such that the jury could only find the defendant guilty of the lesser offense and acquit him of the greater offense. No rational jury could have acquitted the defendant of dissemination on the facts of this case. The evidence was that the defendant disseminated the child pornography video in this video from a file sharing network. He agreed to the terms of that file sharing network, one of which is sharing files. The video was on the defendant's computer available for distribution or download. And the defendant admitted he knew the files downloaded to his computer were available for download by other people, anyone who discovered them. Detective Wallace's computer did, in fact, download that video from the defendant's computer and only the defendant's computer. So the video therefore was disseminated. These facts are undisputed. The defendant himself admits the video that Detective Wallace obtained from his computer was the video the defendant downloaded from the file sharing network. So the defendant himself admits the dissemination occurred. There is no evidence that the video was only possessed and not disseminated. That would need to be present in order for the defendant to get the lesser included jury instruction. And that did not happen in this case. It's not plausible to allow a lesser included offense instruction where the evidence, in fact, proves the greater offense of dissemination. The court said that it considered the established case law that there is no right to a lesser included offense instruction. And the court also considered the testimony of Detective Wallace and the defendant that the video was disseminated in denying the defendant's lesser included instruction. The court did not abuse its decision. Next, I would like to discuss the dissemination and address Justice Bond's concern that the intent was removed from the charge. It was removed from the charge at the jury instruction conference. The state moved to strike with the intent to disseminate phrase from the indictment and the court permitted that over the defendant's objection. The defendant acknowledged this in his opening brief on page six, but he now asserts that the state did not do that, but that is inaccurate. There is no requirement in the jury instructions for the state to prove intent because the state proceeded on actual dissemination and not possession with the intent to disseminate. And additionally, the court need look no further than the child of dissemination. It is not necessary to resort to Black's Law Dictionary to get that. The child pornography statute in subsection F1 double little I defines dissemination. And the jury was so instructed that dissemination means this. For purposes of the offense of child or downloading through facilities of any telecommunications network or through any other means of transferring computer programs or data to a computer. There is no mental state provided in those jury instructions and also not provided in the definition of dissemination. So, therefore, intent is not an element in these jury instructions, stated or implied. Knowledge is actually the mental state here. And the defendant admitted he knew any video he downloaded from the file sharing network was available and could be disseminated. All the state had to prove to meet the elements of this charge are that the defendant had knowledge of the contents of the video. He did. He admitted he did in his interview with the he disseminated it, which is an element that the state has to prove. And he did that. He made it available for distribution or download. He knew that by downloading it, he was making it available. And it was actually disseminated to Detective Wallace. The defendant testified he knew anything he downloaded to his computer was available for distribution or downloading to other people who use the same file sharing network. He admitted that the file downloaded by Detective Wallace was, in fact, the file that he had downloaded to his computer from the file sharing network. So, the state has met its proof of dissemination based on the definition given in the statute itself. We also had to prove that he either knew or reasonably should have known the child in the video was under the age of 13. The defendant admits that he prefers children 10 to 12 years of age. Pre-teens was a search term he used in looking for such videos. The hentai depicted toddler age children, certainly younger than the age of 13. It depicted young females with pigtails, no body hair, no muscular or breast development. So, certainly that hentai was similar to the defendant downloading the child pornography. The victims in that case were younger than the age of 13. And the hentai, which the defendant complains of, was relevant to show that the defendant made no mistake in downloading this video of younger children under the age of 13. And the defendant admits in his reply brief on page 14 that the child in the video was indeed under the age of 13. There is one other issue that I'd like to address. The defendant indicates that evidence that this video was disseminated to law enforcement should not count in this case. He argues for the first time that because Detective Wallace is the one who downloaded that video, and he's the only one, that that shouldn't count as proof of dissemination. That's merely a conclusion. There's no argument presented to support that. And he cites no legal authority for this proposition. To accept his assertion on this point would completely erode the purpose of stopping the dissemination of this type of material to just anyone. Law enforcement, if that is not proof of dissemination, they would have to rely on persons who are downloading this child pornography themselves to report the defendant for doing so. I think that's a pretty absurd expectation. It's not going to happen, and it would erode the child pornography statute. In this case, regarding the hentai and the other downloads that's addressed in our brief, we think that that was not evidence that should have been excluded for the reasons that we state. There are exceptions in the state of Illinois for that type of evidence to be presented in cases of child pornography and other sex acts, so we think that that was proper. We would ask that the court consider all the evidence at trial, the evidence in the state's answer brief, and the arguments presented here today. We would ask that the court deny the defense issues on appeal and affirm his conviction for the dissemination of child pornography. Thank you. Thank you, counsel. Any questions from the board? No questions. No questions. Counsel for the defendant in rebuttal? Yes, your honor. Three brief points on rebuttal. First, the state is still arguing the inappropriate standard for a lesser-included jury instruction. Second, state does not contest that the evidence was closely balanced. And third, state's discussion of non-contested elements of the offense dovetails with Mr. Hall's prosecutorial misconduct claim. As the first point, the state keeps consistently arguing that a defendant is required to prove that the jury could not have possibly found him guilty of the greater offense in order to receive an instruction on the lesser-included offense. Again, that is not the standard. The standard is whenever there is some evidence, even slight evidence, to demonstrate that a defendant is guilty of a lesser-included offense, that instruction should be given. As Supreme Court stated in both Hamilton and Novak, the reason is that if the jury believes that a defendant is guilty, and in this case, Mr. Hall admitted to possessing child pornography of a lesser-included offense, then they will necessarily want to convict him of something knowing that he is guilty rather than acquit him. And so in this case, by not giving a lesser-included offense, the jury was forced to acquit on the greater charge and that the ultimate decision is up to them. And where they were not given the chance to consider the lesser-included offense, they were forced to convict on the only charge given when they knew he was guilty of some crime. As the second point, the state does not contest today that the evidence was closely balanced. And that's an important point, that the only issue, the only evidence as to dissemination was Detective Wallace's testimony. And Mr. Hall testified that he took steps to make sure that none of the files that he downloaded were ever disseminated or ever got out to other people. And that was a question of fact for the jury to decide. It was up to them to decide whether he was guilty of the lesser-included offense, an instruction that he should have been given, the jury should have been given in regards to his case, or the greater offense of dissemination. Finally, as to the third point, the state's discussion of non-contested elements of the offense dovetails with Mr. Hall's arguments about prosecutorial misconduct. The state wants this jury of the trial court level to be so focused on the admittedly brutal nature of the charge, that they instead do not focus on whether the state followed the rules of evidence, whether counsel was effective in zealously representing his client, or whether the baseline standard for lesser-included instruction should be given. The state argues that the hentai images were useful for propensity, or that they demonstrated Mr. Hall's preference of child age, he admitted to those things on the stand, and there was incredibly less prejudicial information and evidence that could have been brought forward to prove up those points. The state wanted the jury to see cartoon images of children being sexually abused, because they wanted to conflate that with Mr. Hall's possession of child pornography. They wanted him, the jury, to think of him as a bad person who should be convicted because he was bad.  No questions. No questions. Thank you. Thank you, counsel. The court will take the matter under advisement and issue its decision in due course. Thank you. Thank you, your honors.